Ryan Woodson
10749 Sandpiper Ln.
Dallas, Texas 75230
Tel.: 214-502-1121
Email: rwcalif@gmail.com

Plaintiff *in pro per*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RYAN WOODSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY WOODSON, an individual; KATHERINE WOODSON, an individual; GAYLE MORRIS, an individual; CITY OF DALLAS; DALLAS POLICE DEPARTMENT; MARIELLE LEMASTERS, an individual; WILLIAM LEMASTERS, an individual; DAVID LEE, an individual; EDGARDO GARCIA; DARYL BARCLAY; AMAZON SERVICES LLC; BDT CAPITAL PARTNERS LLC; MARRIOTT INTERNATIONAL, INC.; SNL ASSOCIATES, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:25-cv-01748-G-BT<br><br>**PLAINTIFF RYAN WOODSON'S OPPOSITION TO DEFENDANT AMAZON SERVICES LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Ryan Woodson ("Plaintiff") files this Opposition to Defendant Amazon Services LLC's (Defendant" or "Amazon") Motion to Dismiss Plaintiff's Complaint ("Motion"). As set forth below, Plaintiff's Complaint states a claim upon which relief can be granted against Amazon for Conspiracy, Fraud, and Negligence so Defendant's Motion should be denied. Also, Amazon filed an Answer in state court before the case was removed so it is not permitted to file a Rule 12(b) Motion to Dismiss.

### II. DEFENDANT ALREADY FILED AN ANSWER SO ITS MOTION IS NOT PERMITTED

Rule 12(b) of the Federal Rules of Civil Procedure states:

(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
(1) lack of subject-matter jurisdiction;
(2) lack of personal jurisdiction;
(3) improper venue;
(4) insufficient process;
(5) insufficient service of process;
(6) failure to state a claim upon which relief can be granted; and
(7) failure to join a party under Rule 19 .
**A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.** If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

F.R.C.P 12(b) (Emphasis added).

Here, Defendant filed an Answer to Plaintiff's Complaint in state court so its Rule 12(b) Motion to Dismiss is not permitted.

## III. FRAUD CAUSE OF ACTION

There are six elements required to prove a fraud claim: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the representation was made with the intention that it be acted upon by the other party; (5) the party acted in reliance upon the representation; and (6) the party suffered damages. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011).

In Plaintiff's Complaint, he alleges that "AMAZON, these deliverymen and other workers, and these companies fraudulently concealed to PLAINTIFF that they were conspiring with Defendants to frame him for a crime, or at a minimum acted negligently. AMAZON also failed to exercise reasonable care in, *inter alia*, hiring these workers, training them, and supervising them." Compl., 34.

Furthermore, Plaintiff's Complaint alleges that "From March 2023 through the present, GARCIA and BARCLAY fraudulently concealed to PLAINTIFF that they were conspiring with JEFF WOODSON, KATHERINE WOODSON, MORRIS, and

others to intentionally refuse to investigate PLAINTIFF's multiple reports of attempted murder and crime framing." *Id.*, 57.

In addition, "From January 1, 2023 through the present in Dallas, Texas, employees of AMAZON who had authority to act and speak on its behalf fraudulently concealed to PLAINTIFF multiple times that it and its employees were conspiring with JEFF WOODSON, KATHERINE WOODSON, MORRIS, and others to intentionally attempt to frame him for a crime." *Id.*, 59.

Also, Plaintiff alleged "JEFF WOODSON, KATHERINE WOODSON, MORRIS, GARCIA, BARCLAY, AMAZON, WHATABURGER, and MARRIOTT made all of these false statements and fraudulent concealments to PLAINTIFF, knew that the fraudulent statements representations him were false when they were made, they intended that PLAINTIFF rely on the fraudulent representations and fraudulent concealments, PLAINTIFF reasonably and justifiably relied on the fraudulent representations, PLAINTIFF suffered substantial harm, and PLAINTIFF's reliance on the fraudulent representations was a substantial factor in causing him substantial harm." *Id.*, 63.

Thus, Plaintiff sufficiently pleads the date, location, it occurred in-person, the fraudulent concealments, and the employees who fraudulently concealed the material information whose names will be ascertained through discovery. Further, Plaintiff can amend his initial Complaint to add more factual support for his causes of action.

PLAINTIFF RYAN WOODSON'S OPPOSITION TO MOTION TO DISMISS

Consequently, Defendant's Motion should be denied.

## IV. NEGLIGENCE CAUSE OF ACTION

Elements of a Negligence cause of action are: (1) Duty owed by defendant to plaintiff; (2) Breach of that duty; (3) Proximate cause of the plaintiff's damages by defendant's breach; and (4) Damages. *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex.. 2013). Duty is defined as the obligation to conform to a particular standard of conduct toward another, and is the threshold inquiry in a negligence cause of action. *CJ. Doe v. Boys Clubs of Greater Dallas, Inc.,* 868 S.W.2d 942, 948 (Tex. App.--Amarillo 1994), aff'd, 907 S.W.2d 472 (Tex. 1995).

Here, Plaintiff clearly alleges that Defendant owed Plaintiff a duty to exercise reasonable care and breached its duty to him by acting negligently. Plaintiff's Complaint alleges JEFF WOODSON, KATHERINE WOODSON, MORRIS, LEMASTERS, WILLIAM LEMASTERS, LEE, AMAZON, WHATABURGER, MARRIOTT, and SNL (collectively "Negligent Defendants") owed PLAINTIFF a legal duty to exercise reasonable care in connection with their dealings with PLAINTIFF. The Negligent Defendants breached their legal duty to PLAINTIFF by negligently acting and conspiring to do the following." Compl., 63.

It further alleges "AMAZON negligently concealed to PLAINTIFF multiple times that it and its employees were conspiring with JEFF WOODSON, KATHERINE WOODSON, MORRIS, and others to intentionally attempt to frame him for a crime.

AMAZON breached its duty to PLAINTIFF to exercise reasonable care and refrain from acting negligently by failing to properly hire, train, and supervise its employees." *Id*., 67. Furthermore, Plaintiff sufficiently pleads that Defendant's actions were the proximate cause of his damages. If granted leave to amend, Plaintiff could provide additional factual support for his cause of action.

Accordingly, Plaintiff states a claim for Negligence upon which relief can be granted so Defendant's Motion should be denied.

V. **CONSPIRACY CAUSE OF ACTION**

There are five elements required to prove civil conspiracy: 1) a combination of two or more persons; 2) the persons seek to accomplish an object or course of action; 3) the persons reach a meeting of the minds on the object or course of action; 4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and 5) damages occur as a proximate result. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).

In Plaintiff's Complaint, he alleges that:

52. Defendants conspired with each other and other individuals to follow, harass, stalk, frame, falsely imprison, cause severe emotional distress, assault, and attempt to kill PLAINTIFF in retaliation for his police reports, 911 calls, and other communications and acts regarding their drug dealing organizations. They met, communicated, and planned the conspiracy with the object or course of action to be follow, harass, stalk, frame, falsely imprison, cause severe emotional distress, assault, and attempt to kill PLAINTIFF.
53. Accordingly, Defendants are jointly and severally liable for all of the unlawful acts of their co-conspirators, including unnamed defendants, in furtherance of the conspiracy. This includes, but is not limited to, all of Defendants' co-conspirators who

PLAINTIFF RYAN WOODSON'S OPPOSITION TO MOTION TO DISMISS

1  were directed by Defendants to follow, harass, stalk, frame, falsely imprison, cause severe emotional distress, assault, and attempt to kill PLAINTIFF.

2  54.     Defendants committed numerous unlawful, overt acts in furtherance of their conspiracy that proximately caused PLAINTIFF damages including, but not limited to, general and compensatory damages, punitive damages, damages to PLAINTIFF's body and physical health, attorneys' fees, fees and costs, and severe emotional distress and mental anguish.

Compl., 52-54.

Therefore, Plaintiff sufficiently pleads all the elements of conspiracy so Defendant's Motion should be denied.

DATED: August 23, 2025            _____/s/_____
                                  Ryan Woodson
                                  *Plaintiff in pro per*

PLAINTIFF RYAN WOODSON'S OPPOSITION TO MOTION TO DISMISS

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action and my business address is 1516 17th Street, Costa Mesa, CA 92627. On August 18, 2025, I served the foregoing document described as:

**PLAINTIFF RYAN WOODSON'S OPPOSITION TO DEFENDANT AMAZON SERVICES LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

on the interested parties in this action by the method described below for each of the following named addressee(s) listed below:

Counsel for Defendant Amazon Services LLC
Victoria.forson@klgates.com
1717 Main St., Suite 2800
Dallas, TX 75201

Counsel for Defendant BDT Capital Partners LLC
Csmith@plunksmith.com

Counsel for Defendant Marriott
Jkcarey@jkcarey.com

Defendant Jeffrey Woodson
5210 Swiss Ave.
Dallas, TX 75214
Jeffreywoodson@me.com

Defendant Katherine Woodson
10749 Sandpiper Ln.
Dallas, TX 75230
Kawoodson@att.net

Defendant Gayle Morris
10751 Sandpiper Ln.
Dallas, TX 75230
Gaylemorris1@att.net

X    BY EMAIL

1        I declare under penalty of perjury under the laws of the State of California, Texas,
2  and federal law that the above is true and correct. Executed on August 18, 2025 at Costa Mesa, California.
3
4  _____
5  William Purcell