IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN WOODSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| JEFFREY WOODSON, AN INDIVIDUAL; | § | |
| KATHERINE WOODSON, AN INDIVIDUAL; | § | |
| GAYLE MORRIS, AN INDIVIDUAL; CITY OF | § | CIVIL ACTION NO. 3:25-CV-1748-G-BT |
| DALLAS; DALLAS POLICE DEPARTMENT; | § | |
| WILLIAM LEMASTERS, AN INDIVIDUAL; | § | |
| DAVID LEE, AN INDIVIDUAL; EDGARDO | § | |
| GARCIA; DARYL BARCLAY; AMAZON | § | |
| SERVICES LLC; BDT CAPITAL PARTNERS | § | |
| LLC; MARRIOTT INTERNATIONAL, INC.; | § | |
| SNL ASSOCIATES, INC.; AND DOES 1 | § | |
| THROUGH 20, INCLUSIVE, | § | |
| | § | |
| *Defendants.* | § | |

## BRIEF IN SUPPORT OF DEFENDANT BDT CAPITAL PARTNERS LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant BDT Capital Partners LLC (**BDT**) files this Brief in Support of its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (**Motion**).

# TABLE OF CONTENTS

**Contents**

I. Summary ............................................................................................................... 1

II. Background .......................................................................................................... 2

III. Legal Standard ..................................................................................................... 3

IV. Argument ............................................................................................................. 4

   A. Fraud (by Nondisclosure) ................................................................................ 4

   B. Federal Rule of Civil Procedure 9(b)—Fraud (by Nondisclosure) ................... 5

   C. Negligence / Negligent Hiring, Training, and Supervision .............................. 7

   D. Civil Conspiracy .............................................................................................. 9

V. Conclusion .......................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Adams v. Alcolac, Inc.*, 974 F.3d 540 (5th Cir. 2020) .................................................................. 10
*Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699 (5th Cir. 2009) ............ 9
*Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, No. 3:17-CV-1147-D, 2019 WL 329545 .. 9
*Beall Legacy Partners, L.P. v. City of Waxahachie, Tex*, No. 3:05-CV-1942-D, 2006 WL 353471 .................................................................................................................. 3
*Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719 (5th Cir. 2003) ................... 6
*Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213 (Tex. 2019) ............................................................................................................................. 5
*Carmouche v. Hooper*, 77 F.4th 362 (5th Cir. 2023) ...................................................... 4
*CBE Grp., Inc. v. Lexington L. Firm*, 993 F.3d 346 (5th Cir. 2021) ............................... 5
*D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197 (5th Cir. 2018) ....................... 4
*De Los Santos v. Bosworth*, No. 3:20-CV-0461-C, 2021 WL 1245895 (N.D. Tex. Mar. 8, 2021) ......................................................................................................................... 5
*Dewayne Rogers Logging, Inc. v. Propac Indus., Ltd.*, 299 S.W.3d 374 ....................... 5
*Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333 (5th Cir. 2008) ...................................... 5
*Grainmarket, LLC v. PNC Bank, N.A.*, 3:22-CV-2419-X, 2023 WL 4162278 (N.D. Tex. June 23, 2023) ..................................................................................................... 3
*Guerra v. Castillo*, 82 F.4th 278 (5th Cir. 2023) ............................................................ 3
*Hand v. Trumbull Ins. Co.*, No. 2:21-CV-135-BR, 2022 WL 22887537 ....................... 6
*Hart v. State Farm Lloyds*, 713 F. Supp. 3d 282 (N.D. Tex. 2024) ................................ 9
*Hernandez v. Ventura Sys LLC*, No. 3:23-CV-2244-D, 2024 WL 583500 .................... 8
*Homoki v. Conversion Servs., Inc.*, 717 F.3d 388 (5th Cir. 2013) .................................. 9
*Johnson v. East Baton Rouge Fed'n of Teachers*, 706 F. App'x 169 (5th Cir. 2017) ...... 4
*McDorman ex rel. Connelly v. Texas-Cola Leasing Co. LP, LLP*, 288 F. Supp. 2d 796 (N.D. Tex. 2003) ............................................................................................................ 8
*Perez v. U.S. Xpress, Inc.*, No. 23-50146, 2023 WL 6393899 ........................................ 7
*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) ....................................... 4
*Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005) ...................................................................... 9
*Waller v. Hanlon*, 922 F.3d 590 (5th Cir. 2019) ............................................................ 3

**Rules**

Federal Rule of Civil Procedure 12(c) ............................................................................. 4
Federal Rule of Civil Procedure 9(b) ........................................................................... 1, 5
Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 3
Federal Rule of Civil Procedure 8(a)(2) ........................................................................... 3

### I.   SUMMARY

Plaintiff Ryan Woodson (**Woodson**) alleges, *inter alia*, that on January 7, 2023, an employee of Whataburger instructed him and Katherine Woodson (after placing an order in the drive-thru) to pull forward behind another vehicle to wait for their order. After pulling forward, Woodson contends that a large white pickup truck "pinned" his car in from behind—while a car driven by a different individual parked directly behind Woodson's right rear bumper. Woodson "believes" that the individuals in this alleged interaction "intended on shooting or assaulting him."

By way of his Complaint (**Complaint**), Woodson asserts that BDT (presumably Whataburger, although BDT did not own, operate, or control the Whataburger restaurant in question) committed fraud, was negligent, and participated in a civil conspiracy. Woodson's Complaint, nonetheless, fails to state a claim upon which relief may be granted. With respect to Woodson's negligence claims, Woodson fails to plead facts demonstrating that BDT owed a duty to Woodson, that BDT breached such duty, or that Woodson sustained damages as a proximate cause of BDT's alleged conduct. In a related vein, Woodson fails to state a fraud claim (i.e., fraud by nondisclosure) as there are no factual allegations demonstrating that BDT had a duty to disclose certain information. Woodson's fraud claim further fails as the same does not comply with the heightened pleading standards imposed under Federal Rule of Civil Procedure 9(b). In turn, Woodson's civil conspiracy claim necessarily fails as the Complaint does not plead the existence of an underlying tort with respect to BDT.

## II.  BACKGROUND

Within his Complaint, Woodson complains that numerous individuals and entities (including BDT) participated in a conspiracy to harass, stalk, frame, falsely imprison, assault, and attempt to kill him.[1] Although BDT did not own, operate, or control the Whataburger restaurant in question (and it did not employ any of the employees at that particular Whataburger location), Woodson alleges that on January 7, 2023, an employee of Whataburger instructed him and Katherine Woodson (after placing an order in the drive-thru) to pull forward behind another vehicle to wait for their order.[2] After pulling forward, Woodson asserts that a large white pickup truck "pinned" his car in from behind—while a car driven by a different individual parked directly behind Woodson's right rear bumper.[3] Woodson "believes" that the individuals involved in this alleged interaction "intended on shooting or assaulting him."[4]

Based upon the foregoing, Woodson alleges that certain Whataburger employees (who allegedly had authority to act and speak on BDT's behalf) fraudulent concealed that certain individuals were conspiring to intentionally kill, assault, or otherwise frame him for a crime.[5] Woodson further contends that BDT was negligent by breaching its duty of reasonable care and failing to properly hire, train, and/or supervise its employees, though BDT did not employ any of the restaurant workers

---

[1]  *See* Pl.'s Compl., ¶ 52.
[2]  *Id.* at ¶ 30.
[3]  *Id.*
[4]  *Id.*
[5]  *Id.* at ¶ 60.

at the Whataburger restaurant in question. Taken together, Woodson posits that BDT and other Defendants participated in a conspiracy to harass, stalk, frame, falsely imprison, assault, and kill him.[6] Nonetheless, and for the reasons set forth herein, the Court should grant BDT's Motion and dismiss Woodson's claims with prejudice for failure to state a claim upon which relief may be granted.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), and "[a]fter the pleadings are closed[,]…a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).[7] The standard for Rule 12(c) motions … is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citation omitted). "To survive a Rule 12(c) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Guerra v. Castillo*, 82 F.4th 278, 284 (5th Cir. 2023) (citation omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Grainmarket, LLC v. PNC Bank, N.A.*, 3:22-CV-2419-X, 2023 WL 4162278, at *1 (N.D. Tex. June 23, 2023) (Starr, J.). Conclusory allegations or

---

[6] *See* Pl.'s Compl., ¶ 52.
[7] *See Beall Legacy Partners, L.P. v. City of Waxahachie, Tex*, No. 3:05-CV-1942-D, 2006 WL 353471, at *1 (N.D. Tex. Feb. 16, 2006) (Fitzwater, J.) ("[P]laintiffs' assertion that the pleadings are not 'closed' within the meaning of Rule 12(c), because the deadline to amend pleadings does not expire under the scheduling order until December 1, 2006, is misplaced. Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply)….").

legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## IV.   ARGUMENT

### A.   FRAUD (BY NONDISCLOSURE)

While Woodson appears to have asserted a claim for common-law fraud, Woodson alleges that BDT "fraudulently concealed … that it and its employees were conspiring with [certain individuals] to intentionally … kill him, assault him, or frame him for a crime."[8] Woodson's allegations, therefore, are more suited as being analyzed under a claim for fraud by nondisclosure. *See Carmouche v. Hooper*, 77 F.4th 362, 367 (5th Cir. 2023) ("*pro se* complaints are to be construed liberally"); *but see Johnson v. East Baton Rouge Fed'n of Teachers*, 706 F. App'x 169, 171 (5th Cir. 2017) (noting that *pro se* complaints "are still required to comply with Rule 8(a)(2)").

In Texas, "[t]he elements of fraud by nondisclosure are (1) the defendant failed to disclose material facts to the plaintiff that the defendant had a duty to disclose; (2) the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts; (3) the defendant was deliberately silent when the defendant had a duty to speak; (4) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting; (5) the plaintiff relied on the defendant's nondisclosure; and (6) the plaintiff was injured as a result of acting without that knowledge." *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 218 (5th Cir. 2018) (citation omitted).

---

[8]   *See* Pl.'s Compl., ¶ 60.

"[F]or there to be actionable nondisclosure fraud, there must be a duty to disclose.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008). And "there is no duty to disclose without evidence of a confidential or fiduciary relationship…." *CBE Grp., Inc. v. Lexington L. Firm*, 993 F.3d 346, 353 (5th Cir. 2021) (quoting *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 220 (Tex. 2019)). Here, Woodson neither pleads facts to demonstrate the existence of any duty owed by BDT, nor facts to establish the existence of a confidential or fiduciary relationship between Woodson and BDT.[9] Further, the Complaint remains silent with respect to both Woodson's purported reliance upon BDT's "nondisclosure" and the injury Woodson allegedly sustained as a result therefrom. Accordingly, the Court should grant BDT's Motion and dismiss Woodson's fraud claim with prejudice. *See De Los Santos v. Bosworth*, No. 3:20-CV-0461-C, 2021 WL 1245895, at *2 (N.D. Tex. Mar. 8, 2021) (Cummings, J.) ("formulaic recitations of the elements of a cause of action supported by mere conclusory statements do not satisfy Rule 8.").

**B.  FEDERAL RULE OF CIVIL PROCEDURE 9(B)—FRAUD (BY NONDISCLOSURE)**

Woodson's fraud (by nondisclosure) claim further fails as the same does not comply with the heightened pleading standards imposed by Federal Rule of Civil Procedure 9(b). *See Dorsey,* 540 F.3d at 338–39 (It is well established that "state-law

---

[9]  A defendant may also have a duty to disclose material facts when it discovers new information that makes an earlier representation false or misleading. *See Dewayne Rogers Logging, Inc. v. Propac Indus., Ltd.*, 299 S.W.3d 374, 391 (Tex. App.—Tyler 2009, no pet.). Here, there are no allegations within the Complaint that BDT made any kind of prior representation or disclosure to Woodson.

fraud claims are subject to the pleading requirements of Rule 9(b)."); *Hand v. Trumbull Ins. Co.*, No. 2:21-CV-135-BR, 2022 WL 22887537, at *5 (N.D. Tex. Aug. 12, 2022) (Reno, M.J.) (alternations in original) ("[I]n pleading common law fraud and fraud by nondisclosure, [a] [p]laintiff must satisfy the heightened pleading requirements of Rule 9(b)."). Here, Woodson's Complaint fails to sufficiently reference the "who, what, when, where, and how" as is required for purposes of pleading in compliance with Rule 9(b). *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) ("Rule 9(b) requires 'the who, what, when, where, and how' to be laid out.").

Specifically, Woodson's allegations remain unclear with respect to the "who" requirement—referring simply to certain "employees" of Whataburger (rather than specific individuals) when complaining that BDT "fraudulently concealed … that it and its employees were conspiring with [certain individuals] to intentionally … kill him, assault him, or frame him for a crime."[10] Indeed, BDT did not employ any of the employees at the Whataburger restaurant at the time of the incident in question. While Woodson complains that such fraudulent concealment occurred on January 7, 2023, Woodson fails to plead the specific time of day as to when such fraudulent concealment occurred. Woodson's fraud claim therefore fails to comply with the heightened pleading standards imposed under Rule 9(b) and BDT's Motion should be granted. *See Trumbull Ins. Co.*, 2022 WL 22887537, at *7 (granting motion to dismiss

---

[10]  *See* Pl.'s Compl., ¶ 60.

based upon plaintiff's failure to satisfy Rule 9(b)'s heightened pleading standard with respect to claims for common law fraud and fraud by nondisclosure).

## C. NEGLIGENCE / NEGLIGENT HIRING, TRAINING, AND SUPERVISION

In Texas, "[t]he elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Perez v. U.S. Xpress, Inc.*, No. 23-50146, 2023 WL 6393899, at *2 (5th Cir. Oct. 2, 2023) (citation omitted). As relevant here, Woodson complains that BDT (via Whataburger) negligently concealed that it and its alleged employees were conspiring with others to kill, assault, or frame him for a crime.[11] Woodson further asserts that BDT breached its duty to exercise reasonable care and refrain from acting negligently by failing to properly hire, train, and supervise its alleged employees.[12]

Yet, the Complaint fails to properly identify any legal duty owed by BDT to Woodson. Rather, Woodson asserts (in a conclusory fashion) that BDT breached its duty to exercise reasonable care in connection with its purported dealings with Woodson.[13] Assuming, *arguendo*, that BDT breached a duty (which it did not), the Complaint does not sufficiently plead the existence of any damage proximately caused by BDT's alleged conduct. Instead, the Complaint merely alleges that BDT negligently concealed that it and its alleged employees were conspiring with others to kill, assault, or frame Woodson for a crime.[14] There are simply no allegations to

---

[11] *See* Pl.'s Compl., ¶ 60.
[12] *Id.*
[13] *Id.* at ¶ 65.
[14] *Id.* at ¶ 68.

plausibly infer that Woodson suffered damages as a proximate cause of BDT's purported breach.

To the extent Woodson asserts a cause of action for negligent hiring, training, and supervision, the same also fails to state a claim for relief. To state a claim for negligent training, hiring, and supervision, a plaintiff must plead facts demonstrating the following: (1) a duty to hire, train, and supervise competent employees; (2) a breach by the employer of their duty; and (3) the employer's breach must have proximately caused Plaintiff's damages. *See Hernandez v. Ventura Sys LLC*, No. 3:23-CV-2244-D, 2024 WL 583500, at *3 (N.D. Tex. Feb. 13, 2024) (Fitzwater, J.). "[T]o establish proximate cause, a plaintiff must show that the defendant's actions in hiring, supervising, or retaining an employee were the cause-in-fact of the injuries and the resulting injuries were a foreseeable consequence." *McDorman ex rel. Connelly v. Texas-Cola Leasing Co. LP, LLP*, 288 F. Supp. 2d 796, 804 (N.D. Tex. 2003) (Cummings, J.).

As set forth above, Woodson complains that BDT breached its duty to exercise reasonable care and refrain from acting negligently by failing to properly hire, train, and supervise its alleged employees.[15] Woodson, however, fails to assert facts demonstrating the existence of any duty owed by BDT. Of equal importance, Woodson does not plead facts to identify the existence of any issues within BDT's hiring, training, and supervision processes (though, again, BDT did not employ any of the restaurant workers in question). Further, no facts have been alleged to establish that

---

15   *See* Pl.'s Compl., ¶ 68.

BDT's purported breach proximately caused Woodson to sustain damages. Suffice it to say that Woodson's Complaint lacks sufficient and specific allegations to substantiate his negligence claims. BDT's Motion should therefore be granted, and Woodson's negligence claims should be dismissed.

### D. CIVIL CONSPIRACY

For purposes of asserting a civil conspiracy claim, a plaintiff must plead: "(1) two or more persons; (2) an end to be accomplished; (3) meeting of the minds on the end or course of action; (4) one or more overt, unlawful acts; and (5) proximately resulting in injury." *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 709 (5th Cir. 2009) (citation omitted). "Under Texas law, civil conspiracy is a derivative tort that depends on participation in some underlying tort." *Hart v. State Farm Lloyds*, 713 F. Supp. 3d 282, 290 (N.D. Tex. 2024) (Godbey, C.J.); *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013). Thus, "[c]ivil conspiracy claims should be dismissed where plaintiffs fail to allege a predicate tort." *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, No. 3:17-CV-1147-D, 2019 WL 329545, at *7 (N.D. Tex. Jan. 25, 2019) (Fitzwater, J.).

Here, Woodson's negligence claims may not serve as the underlying tort for purposes of Woodson's civil conspiracy claim. *See Tri v. J.T.T.*, 162 S.W.3d 552, 557 (Tex. 2005) (noting that "[w]e have consistently held that there cannot be a civil conspiracy to be negligent"). And, for the reasons stated above, Woodson's fraud (by nondisclosure) claim fails on its face. As a result, Woodson's civil conspiracy claim fails as the Complaint does not sufficiently plead the existence of any underlying tort

allegedly committed by BDT. *See Adams v. Alcolac, Inc.*, 974 F.3d 540, 545 (5th Cir. 2020) ("Because the plaintiffs have identified no tortious conduct …, the plaintiffs have failed to establish the elements of civil conspiracy."). In any event, the Complaint fails to plead facts to demonstrate that BDT and the other Defendants reached a "meeting of the minds" to follow, harass, stalk, frame, falsely imprison, cause sever emotion distress, assault, and attempt to kill Woodson.[16] Nor does the Complaint allege facts to establish that Woodson sustained damages as a proximate cause of BDT's (and the other Defendants') alleged unlawful acts. The Court should therefore grant BDT's Motion and dismiss Woodson's civil conspiracy claim.

## V.   CONCLUSION

For the reasons stated herein, BDT respectfully requests that the Court grant its Motion and dismiss all of Woodson's claims against it with prejudice.

Respectfully submitted,

**PLUNK SMITH, PLLC**

By:   */s/ Court D. Smith*
**Court D. Smith**
State Bar No.  24008049
csmith@plunksmith.com
K. Collin Delano
State Bar No. 24109801
collin@plunksmith.com
2801 Network Blvd., Ste. 300
Frisco, Texas 75034
Telephone: (972) 370-3333
Facsimile: (972) 294-5274

**ATTORNEYS FOR DEFENDANT
BDT CAPITAL PARTNERS LLC**

---

[16]   *See* Pl.'s Compl., ¶ 52.

## CERTIFICATE OF SERVICE

I certify that on August 29, 2025, a copy of this Brief was filed electronically and served on Plaintiff via the Court's ECF system.

*/s/ Court D. Smith*
**Court D. Smith**