IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN WOODSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-1748-G-BT |
| | § | |
| JEFFREY WOODSON, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' REPORT REGARDING SCHEDULING ORDER PROPOSALS

Defendants Dallas Police Department ("DPD") and the City of Dallas (the "City") (collectively, "Dallas Defendants"), file this report in compliance with this Court's February 12, 2026 Order (ECF No. 25) and would respectfully show as follows:

### I.    SCHEDULING PROPOSALS

The Dallas Defendants intend to file a motion to dismiss as soon as possible.[1] Plaintiff's claims against the Dallas Defendants are unclear. As best as can be gleaned, Plaintiff alleges that DPD failed to investigate the illegal schemes he posits. *E.g.*, Compl. at ¶ 32 (claiming DPD refused to investigate after Plaintiff made police reports); ¶ 37 (alleging failure to investigate attempted murders). Regardless of the veracity of these claims, they are not actionable because "[i]t is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch[, a]nd so it is not the province of the judiciary to dictate to executive branch officials who shall be subject to investigation or prosecution." *Lefebure v. D'Aquilla*, 15 F. 4th 650, 654 (5th Cir. 2021). Thus, "Supreme Court precedent makes clear that a citizen does not have standing to challenge the policies of

---

[1] The City has experienced a great deal of turnover. As such, undersigned has inherited a large number of cases, with many on the verge of trial.

the prosecuting authority unless he himself is prosecuted or threatened with prosecution." *Id.* at 652 (cleaned up). In other words, "victims do not have standing based on whether *other* people ... are investigated or prosecuted, meaning a crime victim may not challenge a prosecutor's failure to investigate h[is] perpetrator." *Id.* (cleaned up). Plaintiff likewise makes no claims of any written or *de facto* policy that would plausibly allege the City is liable—even assuming his constitutional rights were violated.

Further, this Court's February 12, 2026 Findings, Conclusions, and Recommendation sua sponte recommended that the lone City employee named in the suit, former Chief Edgardo Garcia, should be dismissed. ECF No. 24 at pp. 24-25.

As such, the Dallas Defendants request that this Court not issue a scheduling order until they have filed their motion to dismiss and that motion has been decided. The Dallas Defendants would request 21 days from this Court's order granting them leave to file their motion.

However, should this Court deny the Dallas Defendants' request to postpone the scheduling order, they would request as follows:

**(a) a proposed deadline for amending pleadings without leave of court, including amendments joining additional parties.**

The Dallas Defendants would request that Plaintiff be permitted an additional 21 days, if any, to amend his pleadings.

**(b) a proposed date for the completion of discovery, including a deadline for designating expert witnesses, if any.**

The Dallas Defendants would request a maximum of 6 months of discovery and for designating burden-of-proof expert witnesses.

**(c) a statement as to whether the parties are willing to mediate their case and, if so, a proposed deadline for mediation.**

At present, the Dallas Defendants do not believe that mediation would be a proper use of judicial resources.

**(d) a proposed deadline to file dispositive motions, including any motion for summary judgment.**

The Dallas Defendants would request that the deadline for dispositive motions be set at 60 days after close of discovery.

**(e) whether the parties desire the Court to schedule a Rule 16 status conference.**

The Dallas Defendants do not believe a Rule 16 conference is necessary.

**(g) any other matters relevant to the status or disposition of the case.**

See above.

Lastly, pursuant to this Court's Order, the Dallas Defendants respectfully do not consent to trial before a magistrate.

<div style="margin-left:40%">

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

TAMMY L. PALOMINO
City Attorney

*/s/ J. Cheves Ligon*
J. Cheves Ligon
Senior Assistant City Attorney
Texas State Bar No. 24070147
John.Ligon@Dallas.gov
7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:  214-670-1236
Facsimile:  214-670-0622

</div>

*Attorneys for Defendant DPD and the City of Dallas*